UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 18-3196 (DSD/KMM)

Diane Ford,

        Plaintiff,

v.                                        **ORDER**

Delta Air Lines, Inc.,

        Defendant.

    David Andrew Berlin, Esq. and Weisberg Law, 7 South Morton Ave., Morton, PA 19123 and Brian R. Mildenberg, Esq. and Mildenberg Law Firm, PC, 1735 Market Street, Suite 3750, Philadelphia, PA 19103, counsel for plaintiff.

    JoLynn M. Markison, Esq. and Dorsey & Whitney LLP, 50 South 6th Street, Suite 1500, Minneapolis, MN 55402, counsel for defendant.

This matter is before the court upon the motion to dismiss by defendant Delta Airlines, Inc. Based on a review of the file, record, and proceedings herein, and for the following reasons, the motion is granted.

**BACKGROUND**

This employment dispute arises from plaintiff Diane Ford's claim that Delta discriminated against her on the basis of age and subjected her to a hostile work environment. Ford, who is fifty-eight years old, has been a flight attendant with Delta since 1987. Am. Compl. ¶¶ 2, 38.

In June 2017, Delta investigated Ford for violating company policy by providing a sick colleague with a union card during a

flight. Id. ¶¶ 9-10. Ford denied the allegations. Id. ¶¶ 12, 13. On August 7, 2017, Delta placed Ford on probation for eighteen months for "reliability issues." Id. ¶ 16. In addition to the union card issue, Delta accused Ford of allowing economy passengers into the first class bathrooms. Id. ¶ 18. Ford received a "write up" from her manager for doing so. Id. Later that month, Ford's manager accused her of taking improper sick leave and checking in late to a flight, both in 2016. Id. ¶¶ 19, 20. Ford denied any impropriety. Id. Ford alleges that she was thereafter "terrified" to go to work because she feared that Delta would find any reason to terminate her employment. Id. ¶¶ 23, 34. She also alleges that she lost "significant wages" as a result of not reporting for work. Id.

Ford appealed her probation through Delta's conflict resolution process. Id. ¶ 24. Ford alleges that Delta dropped the "charges" against her just days before the appeal hearing. Id. ¶ 25. According to Ford, however, the probationary period remained in place. Id. ¶ 27. She alleges that her appeal panel advocate directed her to contact Delta's discrimination claims department because the charges against Ford had been baseless. Id. ¶¶ 25-26.

Ford alleges that she complained about her treatment numerous times and requested that Delta remove the incidents leading to her probation from her personnel file. Id. ¶¶ 28-32. Delta declined to do so. Id. ¶ 33.

2

It appears that between late February and August 2018, Ford experienced no problems with her employer. See id. ¶¶ 31-35. Then on August 5th, Ford's manager told her that her hair was too long. Id. ¶ 35. Ford alleges that the manager did not similarly chastise a younger flight attendant with longer hair who was nearby. Id. ¶ 36. Ford does not allege that she was disciplined relating to the incident. It appears that she is still employed by Delta and that her probationary period is over.

Ford believes that she has been disciplined and harassed by Delta due to her age. In addition to the incidents described above, Ford also alleges that Delta has a policy of hiring younger flight attendants at the expense of flight attendants over forty years old. Id. ¶¶ 40-43. Because Delta does not plan to expand its workforce, Ford alleges that it is instead using "pretextual, embellished or untruthful allegations" to terminate older flight attendants to make room for new, younger employees. Id. ¶¶ 44-45. She cites to other alleged examples of Delta's age discrimination gleaned from "publicly available sources" to support her theory. See id. ¶¶ 50-54.

Ford filed a charge of discrimination with the Equal Employment Opportunity Commission on May 19, 2018. Dobson Decl. Ex. A. The EEOC issued a right-to-sue notice on September 18, 2018, and this suit followed. ECF No. 1 Ex. A. On March 28, 2019, Ford filed an amended complaint alleging age discrimination under

the Age Discrimination in Employment Act (ADEA) and the Minnesota Human Rights Act (MHRA), hostile work environment, and violation of Title VII.[1]  Delta now moves to dismiss.

**DISCUSSION**

**I. Standard of Review**

To survive a motion to dismiss for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).  Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level.  Twombly, 550 U.S. at 555.  "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim.  Iqbal, 556 U.S. at 678 (citation and internal quotation marks omitted).

---

[1] Ford has voluntarily dismissed the Title VII claim.  ECF No. 31 at 17.

4

## II. ADEA/MHRA

The ADEA and the MHRA prohibit an employer from discriminating against any person with respect to compensation, terms, conditions, or privileges of employment, because of his or her age. 29 U.S.C. § 623(a)(1); see Minn. Stat. § 363A.08, subdiv. 2. To establish a prima facie case of age discrimination under both acts, Ford must allege that (1) she is over forty years old, (2) she met the applicable job qualifications, (3) she suffered an adverse employment action, and (4) there is some additional evidence that age was a factor in Delta's actions.[2] Rahlf v. Mo-TEch Corp., 642 F.3d 633, 637 (8th Cir. 2011).

Delta argues that Ford has failed to adequately allege the third and fourth elements of her prima facie case. The court agrees.

### A. Adverse Employment Action

"An adverse employment action is defined as a tangible change in working conditions that produces a material employment disadvantage, including but not limited to, termination, cuts in pay or benefits, and changes that affect an employee's future career prospects, as well as circumstances amounting to a constructive discharge." Jackman v. Fifth Judicial Dist. Dep't of Corr. Servs., 728 F.3d 800, 804 (8th Cir. 2013). Ford has failed

---

[2] MHRA age discrimination claims are analyzed under the same framework as ADEA claims. Ramlet v. E.F. Johnson Co., 507 F. 3d 1149, 1152 (8th Cir. 2007).

5

to allege any adverse employment action.

First, Ford does not plausibly allege that being on probation altered the terms and conditions of her employment. As a general matter, being placed on probation alone is not regarded as an adverse employment action. See Fjelsta v. Zogg Dermatology PLC, No. 04-1717, 2006 WL 475283, at *5 (D. Minn. Feb. 28, 2006) (explaining that the negative connotations associated with being placed on probation are insufficient to constitute adverse employment action absent tangible changes to the terms and conditions of employment); see also Singletary v. Mo. Dep't of Corr., 423 F.3d 886, 892 (8th Cir. 2005) (holding that being placed on administrative leave with pay and benefits pending an investigation does not constitute an adverse action). And Ford alleges no additional facts to support a finding of adverse action. She alleges no decrease in pay or seniority, deprivation of benefits, or change in schedule or responsibilities. Ford argues that she lost wages because she was afraid that she would receive more complaints if she reported to work. But Ford unilaterally made the decision to not work for an unspecified period of time, so any lost wages were due to her own actions, not those of Delta. A plaintiff cannot manufacture an adverse employment action by simply not going to work.

Ford's counsel also argues that the probationary period constituted an adverse action because he learned, in an unrelated

case, that Delta employees do not receive benefits and cannot be promoted while on probation. ECF No. 31 at 16. But Ford makes no such allegations in this case despite having filed two complaints. Nowhere does Ford allege that she did not receive benefits during her probation or that she sought, but was denied a promotion during that time. Moreover, bald factual statements by counsel are plainly insufficient to constitute an allegation in the context of a motion to dismiss.

Second, none of the other incidents set forth in the complaint affected the terms and conditions of Ford's employment and therefore also do not constitute adverse employment actions. Ford seems to agree and does not argue to the contrary. As a result, Ford has failed to allege that she suffered any adverse employment action. Her claim must be dismissed on this basis alone.

### B. Evidence of Age as a Factor

Ford alleges that Delta discriminated against her due to her age, but she provides no specific facts to support a finding that Delta's actions were motivated by her age or age-based animus. She does not allege that anyone involved in the incidents set forth in the amended complaint expressly or impliedly commented on, complained about, or even mentioned her age. Instead, Ford relies on unidentified "publicly available sources" to allege that Delta is engaged in a systematic and discriminatory effort to remove older flight attendants in favor of younger ones. She does so

largely "upon information and belief" and based on her general awareness of unrelated claims that Delta has engaged in age-based discrimination. See Am. Compl. ¶¶ 39, 41, 43, 44, 49, 50, 51-54. She also alleges without any probative specificity that younger flight attendants are not similarly subject to discipline. Id. ¶ 55. None of these allegations, even taken as true, are sufficient to plausibly allege that Delta discriminated against Ford due to her age. As a result, the age discrimination claim fails as a matter of law.

**III. Hostile Work Environment**

Delta argues that Ford has failed to adequately allege that Delta's actions subjected her to a hostile work environment. Ford does not challenge this argument in her responsive brief.

An employee experiences a hostile work environment when "the workplace is permeated with 'discriminatory intimidation, ridicule, and insult' that is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993) (quoting Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 65, 67 (1986)); Palesch v. Mo. Comm'n on Human Rights, 233 F.3d 560, 566 (8th Cir. 2000). The threshold for actionable harm is high. A plaintiff "must show both that the offending conduct created an objectively hostile work environment and that she subjectively perceived her working conditions as abusive." Williams v. City of

Kansas City, 223 F.3d 749, 753 (8th Cir. 2000). "Not all unpleasant conduct creates a hostile work environment." Id. Ford must show that she was singled out because of her age, and that the conduct was severe and pervasive. Id.

Based on the allegations in the amended complaint, Ford cannot establish that her work environment was objectively hostile. She does not allege that she was subjected to any age-based intimidation, ridicule, or insult at all, let alone to the high degree required to establish a hostile work environment claim. As a result, this claim also fails as a matter of law.

**IV. Leave to Amend**

Ford requests leave to file a second amended complaint if the court grants Delta's motion. The court believes that any such amendment would be futile given that she has already filed two complaints and has yet to plead a cognizable claim. Ford's request is therefore denied.

### CONCLUSION

Accordingly, based on above, **IT IS HEREBY ORDERED** that:

1. The motion to dismiss [ECF No. 22] is granted; and
2. The case is dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: June 19, 2019           s/David S. Doty
                                          David S. Doty, Judge
                                          United States District Court